JUDGE COPER
DELIVERED THE OPINION OF THE COURT.
The appellant was indicted for a simple assault, and on the trial the Commonwealth was permitted, against his objection, to prove not only that he assaulted the person mentioned in the indictment, but also that he committed a battery upon her, and the court instructed the jury, that in considering their verdict it was their duty to take into consideration all the facts and circumstances in proof before them whether of aggravation or mitigation.
Mr. Bishop, referring to aggravated assaults, says, “ And these aggravations, whether they amount to distinct offenses or not, are usually set forth in the indictment against the defendant, and the court takes them into consideration in pronouncing the sentence.” (2 Bishop’s Cr. Law, sec. 45.) See also 3 Chitty’s Cr. Law, 821, et&eq., where the author, in giving the form of such indictments, alleges the circumstances of aggravation.
These authorities are supported by reason as well as by the genius of our laws.
One indicted for a public offense has a right to be informed of the nature and cause of the accusation against him, and to look to the indictment to ascertain what the facts are to which he is to answer, and is bound to come prepared to meet the facts charged in the indictment, but he should not be required to answer to facts not alleged, and which constitute no part of the offense charged, and especially facts which constitute another and independent offense, or an offense of a higher grade than that charged.
Every battery includes an assault, but an assault does not include a battery, therefore an assault and battery is an offense *182 of a higher grade and more serious character than a simple assault. Being indicted for the lower and less serious offense, the defendant may be willing to concede his guilt, or be aware that he will be unable to make successful defense, and therefore may neglect to bring witnesses who could testify to the facts as they occurred, when, had he been advised that an attempt would be made to prove that he committed a battery as well as an assault, he could and would have been prepared to prove that although he committed the assault, he did not commit a battery. The court should therefore have excluded the evidence of a battery from the consideration of the jury.
The appellant introduced a witness who stated that he was acquainted with the prosecuting witness, and knew her neighbors, and knew her character from rumor. The witness was then asked what her character was, but the Commonwealth objected, and the witness was not allowed to answer. In this there was no error, for several reasons.
The question was not limited to the character of the witness for truth, nor even to her general moral character, but embraced her whole character, and was obviously too broad.
But the witness had not qualified himself to testify as to her general moral character or as to her character for truth.
He said he knew her neighbors and knew her character from rumor. But he did not say he knew the estimation in which she was held by those who knew her or among whom she resided. The rumor, from hearing which he said he knew her character, may have come from a single person, and have been based on a single act or circumstance, which was known only to the person from whom the rumor proceeded, and may not in any way have affected her general standing among her neighbors. And besides, the rumor may not have been prejudicial to the good name of the witness; or if so, it may have been discredited by those who knew her.
An impeaching witness should be able to say that he knows *183 the general estimation in which the witness sought |o be impeached is held among those who know him, or among whom he lives. If he does, then he may say whether the witness is esteemed by his neighbors and those who know him as a person of good moral character or not.
For the error in admitting evidence and in instructing the jury the judgment is reversed, and the cause remanded for a new trial.